**BEDFORD COUNTY GENERAL HOSPITAL, et al., Benton County General Hospital, et al., Clarksville Memorial Hospital, et al.**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, et al.**

**Civ. Nos. 3–83–337, 3–83–665, 3–83–534.**

United States District Court,
E.D. Tennessee, N.D.

Nov. 9, 1983.

Dale C. Allen, Lockridge & Becker, P.C., Michael J. Tichon, David S. Neiger, Weissburg & Aronson, Inc., Max Shelton, Los Angeles, Cal., Richard Lee Brown, Tennessee Hosp. Ass'n, Nashville, Tenn., for plaintiffs.

J. Michael Haynes, Jr., Asst. U.S. Atty., Knoxville, Tenn., James C. Thomason, III, Asst. U.S. Atty., Nashville, Tenn., Lawrence Laurenzi, Asst. U.S. Atty., Memphis, Tenn., Juan A. Del Real, Gen. Counsel, Ann T. Hunsaker, Asst. Gen. Counsel, Washington, D.C., Henry Eigles, Health Care Financing & Human Development Services Div., H & HS Dept., Baltimore, Md., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This is an action under Title XVIII of the Social Security Act, 42 U.S.C. § 1395, *et. seq.* (the Medicare Act) challenging the validity of 42 C.F.R. § 405.310(j), a regulation promulgated by the Secretary (Secretary) of the Department of Health and Human Services (HHS) pursuant to the Medicare Act. The Medicare Act establishes a federally subsidized system of health insurance for the aged and disabled. 42 U.S.C. § 1395, *et. seq.* Plaintiffs are hospitals in the State of Tennessee which have filed agreements with defendants, administrators of the HHS, to provide health services to eligible persons. *See* 42 U.S.C. § 1395cc. The Medicare Act authorizes reimbursement to the hospitals of the reasonable cost of services furnished. 42 U.S.C. §§ 1395g, 1395x(v)(1)(A). Specifically excluded from reimbursement, however, are expenses incurred for "personal comfort items." 42 U.S.C. § 1395y(a)(6). The term "personal comfort items" is undefined by the Medicare Act. However, pursuant to statutory authority to prescribe regulations necessary to carry out the Medicare program, 42 U.S.C. § 1395hh, the Secretary has determined that patient telephone service constitutes a personal comfort item. 42 C.F.R. § 405.310(j). Plaintiffs contend that the patient telephone regulation is invalid. This action is before the Court on defendants' motion to dismiss and on cross-motions for summary judgment.

Two issues are presented for the Court's determination: First, whether this Court has subject matter jurisdiction to review 42 C.F.R. § 405.310(j) and second, whether the regulation is valid.

■ Defendants contend that this Court is without jurisdiction to review the denial of reimbursement for patient telephone expenses. This argument is based on 42 U.S.C. § 1395oo(g) which provides:

[a] finding of a fiscal intermediary [1] that no payment may be made ... for any

1. Claims for payment are reviewed by fiscal intermediaries who determine the amount of payment to be reimbursed. 42 U.S.C. § 1395h; 42 C.F.R. § 405.1803.

expenses incurred for items or services furnished to an individual because such items or services are listed in section 1395y of this title shall not be reviewed . . . by any court pursuant to an action [to challenge denial of reimbursement].

Defendants reason that because patient telephones are personal comfort items under 42 U.S.C. § 1395y this Court does not have subject matter jurisdiction. This argument has been rejected by two circuit courts of appeal. In *Memorial Hospital v. Heckler,* 706 F.2d 1130 (11th Cir.1983) the Court held that section 1395oo(g) precludes judicial review only of a challenge to a finding of nonpayment; it does not preclude judicial review of a challenge to the validity of the Secretary's regulation. *Id.* at 1133. *Accord, Saint Mary of Nazareth Hospital Center v. Department of Health and Human Services,* 698 F.2d 1337, 1345–1346 (7th Cir.1983). In *Memorial Hospital,* the Court stated that to hold otherwise "would give the Secretary virtually unbridled discretion to prevent reimbursement through regulations. Such a result would run contrary to the presumption favoring judicial review." *Id.* (citation omitted). *Highland District Hospital v. Secretary of Health and Human Services,* 676 F.2d 230 (6th Cir.1982), cited by defendants to support their position, is not to the contrary. In *Highland,* plaintiff did not challenge the validity of a regulation issued by the Secretary; rather plaintiff challenged a decision by the fiscal intermediary that certain costs were nonreimbursable. In this action, plaintiffs challenged the validity of the regulation not the determination of nonpayment. Thus, this Court has jurisdiction to determine whether the regulation in question is valid. Therefore, defendants' motion to dismiss is denied.

The validity of the challenged regulation must be upheld unless plaintiffs can show that the agency's determination was arbitrary and capricious or an abuse of discretion. 5 U.S.C. § 706(2)(A); *St. Mary of Nazareth,* 698 F.2d at 1346. Plaintiff contends that the regulation is invalid because the Secretary acted outside her statutory authority by erroneously classifying patient telephones as personal comfort items, which are nonreimbursable under 42 U.S.C. § 1395y. Plaintiffs construe 42 U.S.C. § 1395y to exclude from coverage only "health-like or medical-related items." Plaintiffs argue that because patient telephones are not health-like or medical-related items, the Secretary erred in defining personal comfort items to include telephones. Plaintiffs then argue that the Secretary should have classified patient telephones as equipment ordinarily furnished by hospitals pursuant to 42 U.S.C. § 1395x(b) and thus a reimbursable expense. These arguments are without merit. Clearly, the purpose of §§ 1395y and 1395x(b) is to limit reimbursement to only those expenses necessary for the treatment of illness and injury of covered individuals. *See St. Joseph Hospital v. Heckler,* 570 F.Supp. 434 at 443 (N.D.Ind.1983). The legislative history of the Medicare Act supports this interpretation. Senate and House reports provide: *Items supplied at the request of the patient for his convenience, such as television rentals* in hospitals would not be paid under the program. S.Rep. No. 404, H.R.Rep. No. 213, 89th Cong. 1st Sess. 25, *reprinted in* [1965] U.S.Code Cong. and Ad.News 1943, 1969. (emphasis supplied). Previously in 1963, Secretary Celebrezze stated before the House of Representatives Committee on Ways and Means that *"extra items, supplied at the request of the patient for his convenience such as telephones* in hospitals, would not be paid for." *Medical Care for the Aged: Hearings Before the Committee on Ways and Means on H.R. 3920,* 88th Cong., 1st and 2nd Sess. (1963) (Statement of Anthony J. Celebrezze, Secretary of the Department of Health, Education and Welfare). (emphasis supplied). However, plaintiffs find the substitution of television for telephones in the legislative history indicative of Congressional intent not to exclude the cost of bedside telephones from reimbursement. The Court does not agree. In response to an identical argument the Court in *St. Joseph Hospital* stated, "[t]he Committee Reports merely gave televisions as [a] different example of ex-

cluded services. Their example is unexplained, does not purport to [be] the sole example of a personal comfort item, and hardly evidences a Congressional disagreement with the telephone example proposed by Secretary Celebrezze some two years earlier." *St. Joseph Hospital*, 570 F.Supp. 434 at 444 (N.D.Ind.1983). The Court finds that the Secretary did not act outside her statutory authority in determining that patient telephone services are personal comfort items unnecessary for the treatment of illness and injury and thus nonreimbursable expenses.

Plaintiffs next argue that the regulation is arbitrary and capricious because it is not based on a consideration of relevant factors. Plaintiffs find a lack of consideration of relevant factors because the regulation was promulgated without a record. Rulemaking relating to benefits is exempt from Administrative Procedure Act rulemaking requirements. 5 U.S.C. § 553(a)(2); *Humana of South Carolina v. Califano*, 590 F.2d 1070, 1082–1084 (D.C. Cir.1978). Although the Secretary waived that exemption in 1971, 36 Fed.Reg. 2532 (1971), that exemption was applicable in 1966 when the patient telephone regulation was promulgated. *See St. Joseph Hospital v. Heckler*, 570 F.Supp. at 439 (N.D.Ind. 1983); *Humana of South Carolina v. Califano*, 590 F.2d at 1082–1084. Plaintiffs, however, argue that there is a constitutional or common law requirement for development of an administrative record. The United States Supreme Court has held that 5 U.S.C. § 553 "established the maximum procedural requirements which Congress was willing to have the courts impose upon agencies in conducting rulemaking procedures." *Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc.*, 435 U.S. 519, 524, 98 S.Ct. 1197, 1202, 55 L.Ed.2d 460 (1978); *see also, St. Joseph Hospital v. Heckler*, 570 F.Supp. at 438 (1983). Because the Secretary was exempt from rulemaking proceedings, the lack of an administrative record does not render the regulation in question arbitrary and capricious. Unless arbitrary and capricious, the Secretary's definition is entitled to "legislative effect." *Schweiker*

*v. Gray Panthers*, 453 U.S. 34, 44, 101 S.Ct. 2633, 2640, 69 L.Ed.2d 460 (1981). The Court finds that in defining personal comfort items to include patient telephone services, the Secretary acted consistently with Congressional intent to allow reimbursement only for expenses necessary for treatment of illness and injury of covered individuals. Thus, in promulgating the regulation, the Secretary did not act arbitrarily or capriciously. This finding is further supported by the long standing status of the patient telephone regulation, the consistent administrative interpretation and Congressional inaction. *St. Joseph Hospital*, 570 F.Supp. at 442 (N.D.Ind.1983).

The Court concludes that the patient telephone regulation, 42 C.F.R. § 405.310(j), is valid. This decision is consistent with the decision of the Courts of Appeals which have addressed the issue. *See Memorial Hospital v. Heckler*, 706 F.2d 1130 (11th Cir.1983); *Saint Mary of Nazareth Hospital Center v. Department of Health and Human Services*, 698 F.2d 1337, 1345–1346 (7th Cir.1983). For the foregoing reasons, the defendants' motion to dismiss for lack of subject matter jurisdiction is denied. The defendant's motion for summary judgment is granted, and the plaintiffs' motion for summary judgment is denied.

Order Accordingly.