731 F.2d 171
 4 Soc.Sec.Rep.Ser. 321, Medicare&Medicaid Gu 33,682
The ARLINGTON HOSPITAL, Appellant,
v.
Margaret M. HECKLER, Secretary, Department of Health & Human
Services, Appellee.
The ARLINGTON HOSPITAL, Appellee,
v.
Margaret M. HECKLER, Secretary, Department of Health & Human
Services, Appellant.
The ARLINGTON HOSPITAL, Appellee,
v.
Margaret M. HECKLER, Secretary, Department of Health & Human
Services, Appellant.
The ARLINGTON HOSPITAL, Appellant,
v.
Margaret M. HECKLER, Secretary, Department of Health & Human
Services, Appellee.
 Nos. 82-1946, 82-2047, 83-1439 and 83-1446.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 10, 1984.
Decided March 26, 1984.
 
 Leonard C. Homer, Baltimore, Md. (Sanford V. Teplitzky, Warren B. Daly, Jr., Ober, Grimes & Shriver, Baltimore, Md., on brief), for appellant.
 Amy Yourman, Dept. of Health and Human Services, New York City (Elsie L. Munsell, U.S. Atty., Paula P. Newett, Alexandria, Va., Asst. U.S. Atty., Juan A. Del Real, Gen. Counsel, Ann T. Hunsaker, Asst. Gen. Counsel, Dept. of Health and Human Services, Washington, D.C., on brief), for appellee.
 Before HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 K.K. HALL, Circuit Judge:
 
 
 1
 The Secretary of the Department of Health and Human Services ("Secretary") cross-appeals from a portion of an order of the district court, reversing the Secretary's denial of reimbursement to Arlington Hospital ("Hospital") for the cost of inpatient telephone services provided to Medicare beneficiaries under Title XVIII of the Social Security Act, 42 U.S.C. Sec. 1395, et seq.[1] We conclude that the Secretary's regulation, which prohibits reimbursement for the personal use of bedside telephones of Medicare patients, is valid and enforceable. Accordingly, we reverse and remand the matter to the district court to determine the appropriate method of excluding the Hospital's cost of patient telephones from Medicare reimbursement.
 
 I.
 
 2
 The Hospital is a short-term, general, acute-care facility, located in Arlington, Virginia, and qualified to provide services under the federal Medicare program. During 1977, the Hospital incurred costs of providing telephone services to its Medicare patients. It requested reimbursement for these costs under Medicare from Blue Cross Association and its subcontractor, Group Hospital, Inc., the fiscal intermediary responsible for handling such claims.
 
 
 3
 When the intermediary refused to include the costs of patient telephones as part of the Hospital's reimbursable expenses, the Hospital appealed the decision to the Provider Reimbursement Review Board ("PRRB"). The PRRB disallowed the portion of the Hospital's telephone costs attributable to the patient's personal use and its decision on this matter was affirmed by the Secretary.
 
 
 4
 Subsequently, the Hospital filed this action in district court, seeking $19,642 for providing inpatient telephone services to Medicare patients.[2] In granting plaintiff's motion for summary judgment on this issue, the district court found that it had jurisdiction to review the claim. It then concluded that the Secretary's treatment of patient telephones as a non-reimbursable personal comfort item conflicted with the Medicare statute, was arbitrary and capricious, and was not supported by substantial evidence. The Arlington Hospital v. Schweiker, 547 F.Supp. 670 (E.D.Va.1982). In reaching its conclusion, the court below adopted the holding of another district court that had considered the same issue, St. James Hospital v. Harris, 535 F.Supp. 751 (N.D.Ill.1981).[3] The Secretary has cross-appealed from this portion of the decision below.
 
 II.
 
 5
 The Secretary contends that the district court lacked jurisdiction to consider the patient telephone issue. The Secretary further argues that, assuming judicial review is appropriate, her regulation prohibiting reimbursement for patient telephone costs is valid.
 
 
 6
 For the reasons expressed by the district court, Id. at 675-77, we reject the Secretary's contention that judicial review is barred under 42 U.S.C. Sec. 1395oo(g).[4] We agree, however, with the Secretary that the patient telephone regulation is clearly authorized by the Medicare statute and, as such, is valid and enforceable.
 
 
 7
 42 U.S.C. Sec. 1395y(a)(6) provides that "no payment may be made under [Medicare] for any expenses incurred for items or services--which constitute personal comfort items...." The Secretary's regulation, 42 C.F.R. Sec. 405.310(j), lists as examples of personal comfort items "a television set, or telephone service, etc." (Emphasis added). The Secretary relied on this regulation in denying the Hospital's claim for reimbursement. The Hospital contends, however, that the Secretary's regulation conflicts with the Medicare statute's requirement to pay for "inpatient hospital services" including "equipment, for use in the hospital, as [is] ordinarily furnished by such hospital for the care and treatment of inpatients," 42 U.S.C. Sec. 1395x(b)(2), and "such other diagnostic or therapeutic items or services ... ordinarily furnished to inpatients...." 42 U.S.C. Sec. 1395x(b)(3).
 
 
 8
 According to the Hospital, patient telephones come within the statutory definition of covered inpatient hospital services, because the record demonstrates that they are ordinarily furnished to inpatients and, by providing access to friends and relatives, have therapeutic value. Furthermore, the Hospital argues that the legislative history of the Medicare statute demonstrates Congressional intent to exclude from coverage potential personal comfort items, like telephones, only when they have no therapeutic value. We cannot accept the Hospital's position on this question.
 
 
 9
 In our view, the Secretary's determination to exclude patient telephones as a personal comfort item is consistent with the Medicare statute and is neither arbitrary nor capricious. There are many items which could be of some therapeutic benefit to the patient, but which are not so directly related or essential to the delivery of health care services as to justify reimbursement under Medicare. Certainly, it was not the intent of Congress to reimburse the cost of every item with tangential therapeutic value, merely because a hospital undertakes to furnish that item routinely to its patients. Contrary to the Hospital's assertion, neither the language of the Medicare statute nor its legislative history suggests such a result.
 
 
 10
 The Secretary thus acted reasonably and well within the bounds of her discretion in concluding that the costs of telephones for the personal use of patients, like television sets, are, despite their therapeutic value, not reimbursable under Medicare.[5] We agree with other courts that have considered this same issue, and conclude that because the Secretary's regulation is reasonable, it must be upheld by this Court. Memorial Hospital v. Heckler, 706 F.2d 1130 (11th Cir.1983); St. Mary of Nazareth Hospital Center v. Department of Health and Human Services, 698 F.2d 1337 (7th Cir.), cert. denied, --- U.S. ----, 104 S.Ct. 107, 78 L.Ed.2d 110 (1983); Presbyterian Hospital of Dallas v. Harris, 638 F.2d 1381 (5th Cir.), cert. denied, 454 U.S. 940, 102 S.Ct. 476, 70 L.Ed.2d 248 (1981); St. Francis Hospital, Inc. v. Califano, 479 F.Supp. 761 (D.D.C.1979).
 
 
 11
 Accordingly, we hold that the cost of providing a Medicare patient with a bedside telephone is not reimbursable under the Medicare program. We reverse the contrary holding of the district court and remand this case for a determination of the appropriate accounting method to be employed in excluding the costs of patient telephones from the Hospital's reimbursable expenses.[6]
 
 III.
 
 12
 For the foregoing reasons, that portion of the district court's judgment relating to patient telephones is reversed and the matter is remanded for further evidentiary proceedings consistent with this opinion.
 
 
 13
 REVERSED AND REMANDED.
 
 
 
 [1]
 See The Arlington Hospital v. Schweiker, 547 F.Supp. 670 (E.D.Va.1982). The Hospital appealed from another portion of the district court's order, which held that the costs of uncompensated care, furnished by the Hospital to indigents, pursuant to the Hill-Burton Act, 42 U.S.C. Sec. 291 et seq., were not reimbursable under the Medicare program. At oral argument, counsel for the Hospital conceded that it was bound by this Court's decision in Iredell Memorial Hospital, Inc. v. Schweiker, 699 F.2d 196 (4th Cir.), cert. denied, --- U.S. ----, 104 S.Ct. 150, 78 L.Ed.2d 139 (1983), and accordingly withdrew its appeal of the Hill-Burton issue
 A final portion of the district court's order struck down, as arbitrary and capricious, the Secretary's approval of a methodology employed to calculate the costs of nonreimbursable physician billing services. There was no appeal taken from this aspect of the district court's decision.
 
 
 [2]
 Because the patient telephone issue is the only issue we are concerned with in this appeal, we will not address the other claims for relief raised and disposed of below. See supra note 1
 
 
 [3]
 Following the district court's disposition of the instant case, the Seventh Circuit reversed the decision in St. James Hospital v. Harris, 535 F.Supp. 751 (N.D.Ill.1981), rev'd sub nom. St. Mary of Nazareth Hospital Center v. Department of Health and Human Services, 698 F.2d 1337 (7th Cir.), cert. denied, --- U.S. ----, 104 S.Ct. 107, 78 L.Ed.2d 110 (1983)
 
 
 [4]
 Other Circuit Courts that have addressed this question have likewise found jurisdiction to review the issue of patient telephone costs. Memorial Hospital v. Heckler, 706 F.2d 1130, 1132-33 (11th Cir.1983); St. Mary of Nazareth Hospital Center v. Department of Health and Human Services, 698 F.2d 1337, 1345-46 (7th Cir.), cert. denied, --- U.S. ----, 104 S.Ct. 107, 78 L.Ed.2d 110 (1983)
 
 
 [5]
 The Secretary acknowledges that reimbursement is available where patient telephones are used in a manner directly related to health care, such as for intra-hospital medical communications or as part of a cardiac arrest system
 
 
 [6]
 The Secretary argues that average costing is the appropriate method for disallowing the costs at issue. That method allocates to each telephone in the hospital its proportionate share of all hospital costs and then excludes from reimbursement the expenses of all phones assigned to patient use. The Hospital, on the other hand, contends that only the incremental or marginal cost of providing patient telephones should be disallowed. Under the latter method, disallowance would be limited to those costs which would be saved if the bedside telephones were removed. We leave resolution of this issue in the first instance to the district court, which has not yet had an opportunity to consider it