**BEDFORD COUNTY GENERAL HOSPITAL, et al., Plaintiffs-Appellants,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 84–5051.

United States Court of Appeals, Sixth Circuit.

Jan. 11, 1985.

Decided March 7, 1985.

David S. Neiger, Weissburg & Aronson, Inc., Patric Hooper, argued, Michael Tichon, Los Angeles, Cal., Sarah Y. Sheppeard, Lockridge & Becker, Knoxville, Tenn., for plaintiffs-appellants.

John W. Gill, U.S. Atty., James Michael Haynes, Asst. U.S. Atty., Knoxville, Tenn., Juan A. Del Real, Gen. Counsel, Ann Hunsaker, Dept. of Health & Human Services, Health Care Financing & Human Development Services Div., Washington, D.C., Henry Eigles, argued, Dept. of Health & Human Services, Baltimore, Md., for defendant-appellee.

Before LIVELY, Chief Judge, and MARTIN and KRUPANSKY, Circuit Judges.

KRUPANSKY, Circuit Judge.

Plaintiffs (eight nonprofit hospitals providing services to Medicare and other patients) appealed the summary judgment entered in favor of the Secretary and Health and Human Services (Secretary) in an action challenging the validity of a Medicare regulation. 574 F.Supp. 943. Specifically, plaintiffs contended below and on appeal that 42 C.F.R. § 405.310(j), which designated patients' bedside telephones as "personal comfort items" precluded from reimbursement pursuant to 42 U.S.C. § 1395y(a)(6), is invalid because it allegedly: (1) conflicts with the legislative intent of the Medicare Act; (2) fails to comport with 42 U.S.C. § 1395x(b)(2) which provides that the reasonable cost of (reimbursable) inpatient hospital services includes, *inter alia*, "ordinarily furnished" hospital facilities, appliances and equipment; and (3) was promulgated by the Secretary without consideration of relevant factors. The Secretary counters with the arguments that (1) federal courts do not have subject matter jurisdiction over the instant dispute; and (2) that the regulation is in any event valid.

As a threshold issue, the Secretary vigorously argued that § 1395oo(g) precludes judicial review of the validity of the patient telephone regulation, and thus denies subject matter jurisdiction to federal courts over the instant complaint. However, courts which have considered the Secretary's jurisdictional argument have rejected it, holding that 42 U.S.C. § 1395oo(g) does *not* bar judicial review of the issue. *See e.g., Holy Cross Hospital-Mission*

*Hills, et al. v. Heckler*, 749 F.2d 1340, 1341 (9th Cir.1984); *Fairview Deaconess Hospital v. Heckler*, 749 F.2d 1256 (8th Cir.1984); *Arlington Hospital v. Heckler*, 731 F.2d 171 (4th Cir.1984); *Memorial Hospital v. Heckler*, 706 F.2d 1130 (11th Cir.1983); *Saint Mary of Nazareth Hospital Center v. Department of HHS*, 698 F.2d 1337 (7th Cir.1983). This court finds the analysis presented in these opinions pursuasive, and thus concludes that federal courts possess subject matter jurisdiction over disputes involving Medicare regulations.

Turning to the validity of the regulation itself, this court's standard of review is set forth at 5 U.S.C. § 706(2) (the Administrative Procedure Act). Section 706(2) mandates that a court

hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

\*     \*     \*     \*     \*     \*

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right....

This circuit and others have interpreted the above statute as requiring a court to set aside agency action which is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; contrary to a constitutonal right, power, privilege or immunity; or unsupported by substantial evidence where an agency hearing is being reviewed on the record. *Shaker Medical Center Hosp. v. Secretary*, 686 F.2d 1203, 1207 (6th Cir.1982). *Accord, Medical Center of Independence v. Harris*, 628 F.2d 1113, 1117 (8th Cir.1980); *Fairfax Hosp. Ass'n. v. Califano*, 585 F.2d 602 (4th Cir. 1978); *Pleasantview Convalescent and Nursing Center, Inc. v. Weinberger*, 565 F.2d 99, 102 (7th Cir.1976).

■■■ Where the question is the validity of a regulation or the Secretary's interpretation thereof, the standard is whether the Secretary's decision was arbitrary or capricious. *Diplomat Lakewood, Inc. v. Har-*

*ris,* 613 F.2d 1009, 1018 (D.C.Cir.1979). The Supreme Court has defined the term "arbitrary and capricious" with respect to administrative agency rules thusly:

Normally, an agency rule would be arbitrary and capricious if the agency relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicle Manufacturers Ass'n v. State Farm*, 463 U.S. 29, 103 S.Ct. 2856, 2867, 77 L.Ed.2d 443 (1983) (holding invalid National Highway Traffic Safety Administration's recission of requirement that new automobiles be equipped with passive restraint devices—airbags or automatic seat belts—due to failure to adequately explain reason for recission).

■■■ Finally, while regulations promulgated by the Secretary must be granted deferential consideration and courts must therefore exercise caution in overturning them, a court will not "rubber stamp" the Secretary's decision where there is no justification for the promulgation of the regulation and the regulation is obviously inconsistent with the Medicare statute. *Michigan Academy of Family Physicians v. Blue Cross*, 728 F.2d 326, 332 (6th Cir. 1984).

■■■ Plaintiffs' position in this case is that patient telephone service was incorrectly cast by the Secretary as a "personal comfort item" excluded from Medicare coverage under 42 U.S.C. §§ 1395y(a)(6), when it should be classified as a service "ordinarily furnished" by hospitals to patients as part of the hospital facility, and thus eligible for reimbursement as an inpatient hospital service under 42 U.S.C. § 1395x(b)(2). The essence of plaintiffs' argument is simply that the Secretary has classified an item as excluded from Medicare coverage which plaintiffs believe is deserving of coverage. While this court might classify pa-

tient telephone services differently than did the Secretary if considering the issue *de novo*, the wide scope of discretion which Congress vested in the Secretary to further define included and excluded costs cannot be disregarded.[1] And it cannot be overlooked that six other circuits which have reviewed similar challenges to the patient telephone regulation have sustained its validity. *See, e.g., Holy Cross Hospital v. Heckler*, 749 F.2d 1340, 1341 (9th Cir.1984); *Fairview Deaconess Hospital v. Heckler*, 749 F.2d 1256 (8th Cir.1984); *Arlington Hospital v. Heckler*, 731 F.2d 171 (4th Cir. 1984); *Memorial Hospital v. Heckler*, 706 F.2d 1130 (11th Cir.1983); *Saint Mary of Nazareth Hospital Center v. Department of HHS*, 698 F.2d 1337 (7th Cir.1983); *Presbyterian Hosp. of Dallas v. Harris*, 638 F.2d 1381 (5th Cir.1981). And, in addition to the court below, *see* 574 F.Supp. 943, several other district courts have upheld the patient telephone regulation. *See, St. Joseph Hosp. v. Heckler*, 570 F.Supp. 434 (N.D.Ind.1983); *Greater Cleveland Hospital Ass'n v. Schweiker*, 599 F.Supp. 1000 (N.D.Ohio 1984). Again, this court finds compelling the rationales advanced in the above cited opinions for upholding the regulation at issue herein.

■ In view of the foregoing, it is clear that the Secretary's promulgation of the patient telephone regulation neither conflicts with the language or legislative history of the Medicare Act, nor is arbitrary and capricious. However, plaintiffs further challenge the procedure by which the telephone regulation was issued.

■ In accordance with the Administrative Procedure Act (APA), specifically 5 U.S.C. § 553(c),[2] an agency must consider "relevant factors" when promulgating a rule. Since no agency record apparently exists as to the 1966 promulgation of the

regulation at issue herein, plaintiffs argue that "it is possible that *no relevant factors were ever considered by the Secretary* in issuing the regulation ...." (emphasis in original). Plaintiffs urge that, at a minimum, the regulation should be remanded to the Secretary for development of an administrative record. This argument has several fatal flaws.

First, the Medicare program is a benefit program. The APA specifically excludes rulemaking relating to benefits from its procedural requirements, *see* 5 U.S.C. § 553(a)(2), and the courts have so recognized. *Good Samaritan Hosp. v. Mathews*, 609 F.2d 949 (9th Cir.1979); *Humana of South Carolina v. Califano*, 590 F.2d 1070, 1082–1084 (D.C.Cir.1978). Although the Secretary expressly waived the § 553(a)(2) exemption in 1971, *see* 36 Fed. Reg. 2531 (1971), the exemption was in effect when the patient telephone regulation was promulgated in 1966.

Plaintiffs suggest, however, that there is a constitutional or common law requirement for development of an administrative record. However, in *Vermont Yankee Nuclear Power v. Natural Resources Defense Council*, 435 U.S. 519, 98 S.Ct. 1197, 55 L.Ed. 460 (1978), the Supreme Court determined that the APA set forth the *maximum* procedural requirements imposed upon agencies conducting rule making procedures, and held that in reviewing agency decisions, courts may not impose additional procedural requirements not specified by the APA. As Congress had exempted benefit programs from the APA requirements, this court, in accordance with *Vermont Yankee*, cannot now mandate that the Secretary produce a complete administrative record of a regulation promulgated in 1966,

---

1. Congress specifically empowered the Secretary to "prescribe such regulations as may be necessary to carry out the administration of the insurance programs under this subchapter." 42 U.S.C. § 1395hh. In addition it is well established that a reviewing court cannot reverse an agency "simply because it would have interpreted the statute in a different manner." *Batterton*

*v. Francis*, 432 U.S. 416, 425, 97 S.Ct. 2399, 2405, 53 L.Ed.2d 448 (1977).

2. In pertinent part, 5 U.S.C. § 553(c) provides: (c) .... After consideration of the relevant matters presented, the Agency shall incorporate in the rules adopted a concise general statement of their basis and purpose....

with the threat of invalidating the regulation if the Secretary fails to comply.

In view of the foregoing, the decision of the district court is

AFFIRMED.