780 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
LARRY F. WICHTMAN, Petitioner-Appellant,
v.
U. S. PAROLE COMMISSION, Respondent-Appellee.
 85-1284
 United States Court of Appeals, Sixth Circuit.
 11/22/85
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: KEITH and MILBURN, Circuit Judges; and HIGGINS, District Judge[1].
 PER CURIAM.
 
 
 1
 Petitioner-appellant Larry F. Wichtman appeals the decision of the district court denying his application under 28 U.S.C. Sec. 2241 for a writ of habeas corpus. For the reasons that follow, we affirm.
 
 I.
 
 2
 Petitioner was convicted of unarmed bank robbery in violation of 18 U.S.C. Sec. 2113(a) and on March 21, 1975, was sentenced to a term of eight (8) years. Petitioner was paroled from custody on January 10, 1980. On June 11, 1980, while on federal parole status, petitioner was arrested by local authorities and charged with four (4) counts of criminal sexual conduct. On September 18, 1981, petitioner was convicted by a jury and was sentenced to aggregate sentences of sixteen (16) to twenty-five (25) years.
 
 
 3
 On December 23, 1981, the United States Parole Commission (the 'Commission') issued a parole revocation warrant reflecting petitioner's convictions. On January 6, 1982, while petitioner was in state custody, the parole revocation warrant was placed against him as a detailer. In March of 1982, the Commission conducted a dispositional review of the detainer. A parole revocation hearing was not held until December 20, 1983. Parole guidelines promulgated by the Commission and in effect at the time of petitioner's parole violation contained a presumptive concurrent sentence provision. However, in February of 1982, the Commission amended its guidelines to eliminate the presumption of concurrent sentencing, and the amended guidelines were applied by the Commission at petitioner's parole revocation hearing.
 
 
 4
 On January 11, 1984, the Commission notified petitioner that the unexpired portion of his federal sentence would commence upon parole or release from state custody. Petitioner appealed this decision to both the Regional Commission and the National Appeals Board. By notices of action dated February 14, 1984, and May 1, 1984, respectively, petitioner was advised that the original decision had been affirmed. Thereafter, petitioner filed an application for a writ of habeas corpus. On March 13, 1985, the district court denied the application.
 
 II.
 A.
 
 5
 Petitioner contends that the Commission's 1980 guidelines, which contained a presumptive concurrent sentence provision, created a protected liberty interest and that the Commission's decision, pursuant to the amended guidelines, that he serve a consecutive sentence violated his right to due process. Petitioner fails to recognize that in order to prove a due process violation one must demonstrate not only that he was deprived of a protected liberty interest, but also must show that the deprivation occurred without observance of the required procedural safeguards. See Bills v. Henderson, 631 F.2d 1287, 1292-94 (6th Cir. 1980); Walker v. Hughes, 558 F.2d 1247, 1250-57 (6th Cir. 1977). Even if the 1980 guidelines created a protected liberty interest, that interest was terminated in accordance with the necessary due process protections.
 
 
 6
 The Parole Commission and Reorganization Act (the 'Act'), 18 U.S.C. Sec. 4201 et seq., created the United States Parole Commission, an independent federal agency vested with the power to 'promulgate rules and regulations establishing guidelines' with respect to the exercise of its discretionary authority to parole federal prisoners. 18 U.S.C. Sec. 4203(a). The Administrative Procedures Act (APA), 5 U.S.C. Sec. 551 et seq., establishes the 'maximum procedural requirements' for federal agency rulemaking. Vermont Yankee Nuclear Corp. v. Natural Resources Defense Council, 435 U.S. 519, 524 (1978). See also Bedford County General Hospital v. Heckler, 757 F.2d 87, 90 (1985). Section 4 of the APA, 5 U.S.C. Sec. 553, requires only that notice of the proposed rulemaking be published in the Federal Register and that 'the agency shall give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments with or without opportunity for oral presentation.' In the instant case, the Commission's amended guidelines applied to all parolees who had dispositional revocation hearings on or after August 31, 1981. The proposed guidelines were published and public comment was entertained in accordance with the APA.
 
 
 7
 Petitioner contends that he was entitled to an individualized hearing prior to the Commission's amendment of its parole guidelines. Petitioner's argument is without merit. When an agency promulgates generalized rules, there is no constitutional right to a hearing for specific individuals affected. See Vermont Yankee, 435 U.S. at 524. See also Pickus v. United States Board of Parole, 543 F.2d 240, 242-46 (D.C. Cir. 1976); Milhouse v. Levi, 548 F.2d 357, 364 n.17 (1976). In Pickus, prisoners contended that due process afforded them the right to a hearing before proposed parole guidelines were adopted. The court held that notice and comment procedure was constitutionally sufficient to protect the prisoners' interest in the policies governing parole decisions. 543 F.2d at 245.
 
 
 8
 As the court wrote in Dufresne v. Baer, 744 F.2d 1543, 1550 (11th Cir. 1984), 'Congress intended that the Commission periodically amend the guidelines to reflect contemporary views concerning the seriousness of given crimes and parole recidivism.' Requiring a hearing for each and every prisoner affected by modification of Commission guidelines would severely infringe on the ability of the Commission to amend its policies. Moreover, reviewing courts are not free to impose additional procedural safeguards if neither the agency nor Congress has chosen to provide them. Vermont Yankee, 435 U.S. at 524.
 
 B.
 
 9
 Petitioner's second argument, that the Commission failed to follow its own regulations, ignores the fact that at the time of the revocation hearing the 1980 guidelines were no longer in effect. Moreover, petitioner has failed to identify any federal statutory or constitutional right not to have the amended guidelines applied retroactively. This court has previously held that Parole Commission guidelines do not come within the scope of the ex post facto clause and, therefore, may be applied retroactively. Ruip v. United States, 555 F.2d 1331, 1335-36 (6th Cir. 1977).
 
 III.
 
 10
 Finally, petitioner contends that the extended delay between his conviction on state charges and the final parole revocation hearing unfairly prejudiced the Commission's final decision. Petitioner's argument is devoid of any statutory or constitutional basis. Where a parolee has been convicted of a state crime while on parole and is serving a new sentence in a state institution, a parole revocation warrant may be placed against him as a detainer. 18 U.S.C. Sec. 4214(b)(1). The Regional Commissioner must review a warrant lodged as a detainer within 180 days 'of notification to the Commission of placement.' Id. See also Parole, Release, Supervision and Recommitment of Prisoners, Youth Offenders and Juvenile Delinquents, 28 C.F.R. Sec. 2.47(a)(2) (1984). In the instant case it is undisputed that the Commission conducted a dispositional review within 180 days following notification of placement of the revocation warrant.
 
 
 11
 Subsequent to the initial dispositional review, the Commission may, at its discretion, hold a revocation hearing. Id. See also 28 C.F.R. Sec. 2.47(b)(1)(i). The Act imposes no requirement with respect to when the hearing must be held. Similarly, petitioner possesses no constitutional right to a prompt revocation hearing. In Moody v. Daggett, 429 U.S. 78 (1976), the Court held that where a parolee is imprisoned for a crime committed while on parole, the parolee is not entitled to a prompt parole revocation hearing after a parole violator warrant is issued and lodged with the institution of his confinement. 429 U.S. at 89. See also Hopper v. United States Parole Commissioner, 702 F.2d 842, 848 (9th Cir. 1983).
 
 
 12
 The only conceivable basis upon which petitioner could rest his claim of unfair prejudice is that the Commission abused its discretion by failing to hold a revocation hearing immediately following the dispositional proceeding. However, it is undisputed that petitioner's revocation hearing was held within the time frame required by the Commission's regulations. 28 C.F.R. Sec. 2.47(b)(1)(i)(B) provides that a revocation hearing must be held within twenty-four (24) months of the dispositional proceeding. Petitioner's revocation hearing was held within twenty-two (22) months of the dispositional proceeding. Moreover, petitioner has failed to demonstrate that the Commission's delay in providing a hearing was in any way prejudicial. The amended guidelines were established prior to petitioner's dispositional review. Clearly, petitioner's contention is without merit.
 
 IV.
 
 13
 Accordingly, we AFFIRM the district court's denial of petitioner's application for a writ of habeas corpus.
 
 
 
 *
 The Honorable Thomas A. Higgins, Judge, United States District Court for the Middle District of Tennessee, sitting by designation