800 F.2d 871
 15 Soc.Sec.Rep.Ser. 72, Medicare&Medicaid Gu 35,877
Feliza Gallardo LINOZ, Julian Velez, Plaintiffs-Appellants,
v.
Margaret HECKLER, as Secretary of the Department of Health
and Human Services, Defendant-Appellee.
 No. 84-2446.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 15, 1985.
Decided Sept. 23, 1986.
 
 Sally Hart Wilson, National Senior Citizens Law Center, Los Angeles, Cal., for plaintiffs-appellants.
 Jerry Bassett, San Francisco, Cal., for defendant-appellee.
 Appeal from the United States District Court for the District of Hawaii.
 Before NORRIS and REINHARDT, Circuit Judges, and BURNS, District Judge*.
 NORRIS, Circuit Judge:
 
 
 1
 Title XVIII of the Social Security Act establishes a federally subsidized health insurance program for elderly and disabled persons. 42 U.S.C. Sec. 1395 (1982 & Supp. II 1984) ("Medicare Act" or "Act"). Part A of the Medicare Act covers institutional health costs, such as hospital expenses, and is financed by mandatory payroll deductions. 42 U.S.C. Secs. 1395c-1395i-2. Part B of the Act is an optional insurance program for supplementary medical services, including physician services, medical supplies, and laboratory tests. 42 U.S.C. Secs. 1395j-1395w.
 
 
 2
 Appellants Delmacio Linoz and Julian Velez[1] were denied reimbursement under Part B of the Act for the cost of air and ground ambulance services incurred when they were transferred from outlying hospitals in Hawaii to better equipped urban facilities to be treated by medical specialists. Denial of their claims was based on section 2120.3F of the Carrier's Manual,[2] a publication of the Secretary of Health and Human Services ("the Secretary") that sets forth rules made binding in Part B benefit determinations by 42 C.F.R. Sec. 405.860 (1985).[3] In this consolidated action, appellants, Julian Velez and Delmacio Linoz's surviving widow, seek a judicial declaration invalidating section 2120.3F of the Carrier's Manual on the ground that the Secretary issued it without rulemaking proceedings or publication in violation of the Administrative Procedure Act (APA), 5 U.S.C. Sec. 553 (1982), and the Freedom of Information Act (FOIA), 5 U.S.C. Sec. 552 (1982).[4] Appellants also claim that the enforcement of section 2120.3F against them violates provisions of the Medicare Act authorizing the Secretary to promulgate regulations, 42 U.S.C. Sec. 1395hh, and entitling claimants to a fair hearing, 42 U.S.C. Sec. 1395u(b)(3)(C), as well as constitutional due process requirements.
 
 
 3
 * The Secretary has delegated the administration of Medicare Part B claims to private insurance carriers. See Schweiker v. McClure, 456 U.S. 188, 190-91, 102 S.Ct. 1665, 1667-68, 72 L.Ed.2d 1 (1982). Part B claimants submit their bills directly to the carrier, and the carrier reimburses claimants according to whether their claims meet detailed coverage criteria. 42 C.F.R. Secs. 405.801, .803. Claimants dissatisfied by delayed or insufficient payment have limited rights of appeal. They are entitled to a de novo written review before a carrier employee other than the initial decisionmaker. 42 C.F.R. Secs. 405.807-.809. If still dissatisfied, and if the claim is $100 or more, the claimant may request a hearing before a disinterested hearing officer employed by the carrier. 42 U.S.C. Sec. 1395u(b)(3)(C); 42 C.F.R. Sec. 405.820. The hearing officer's decision is "final and binding upon all parties to the hearing." 42 C.F.R. Sec. 405.835. Unlike a Part A claimant, a Part B claimant has no right to judicial review of the amount of a hearing officer's benefit award. See United States v. Erika, Inc., 456 U.S. 201, 208, 102 S.Ct. 1650, 1654, 72 L.Ed.2d 12 (1982); Schweiker v. McClure, 456 U.S. at 191, 102 S.Ct. at 1667-68.
 
 
 4
 The regulation on which Linoz and Velez based their Part B claims, 42 C.F.R. Sec. 405.232(i) (1981), authorized payment for ambulance service to the "nearest institution with appropriate facilities." When Linoz suffered a massive hemorrhage in his urinary tract, Linoz's physician, Dr. Kim, decided that Linoz should be sent by air ambulance from Kauai to Honolulu "as there was no practicing urologist on Kauai." Exhibit B of Plaintiffs' Complaint at 3 (filed July 21, 1982) (Linoz v. Heckler, No. CV 82-0390 (D.Hawaii 1984)). The carrier's hearing officer upheld the carrier's denial of benefits on the basis of section 2120.3F of the Carrier's Manual, reasoning that its plain meaning compelled the conclusion that the unavailability of an urologist at the initiating hospital "is not a consideration in determining if the [destination] hospital has appropriate facilities to care for the patient." Id. at ----.
 
 
 5
 Appellant Velez suffered from emphysema and asthma, with further respiratory complications. Velez's physician, Dr. Morin, ordered Velez transferred by air ambulance from Honokaa Hospital on Hawaii to Straub Hospital in Honolulu to "see if there were any further therapeutic or management approaches which might improve or at least stabilize" Velez's "severe, far advanced, incapacitating chronic obstructive lung disease." Exhibit D of Plaintiffs' Complaint at 4 (filed July 21, 1982) (Linoz v. Heckler, No. CV 82-0390 (D.Hawaii 1984)). Dr. Morin testified that there was "no pulmonary specialist in the Big Island at that time," and that "the nurses [were] not competent in reading a monitor or treating arrythmias." Id. The hearing officer upheld the carrier's denial of benefits on the basis of section 2120.3F, quoting the Manual verbatim that "[a]mbulance service to a more distant hospital solely to avail the patient of the services of ... a physician in a specific specialty does not make that hospital the nearest hospital with appropriate facilities." Id.
 
 
 6
 Appellants filed suit in district court to enjoin enforcement of the ambulance rule embodied in section 2120.3F and to obtain new hearings under revised regulations. First, they asserted that the Secretary's issuance of unpublished binding rules through the Carrier's Manual violated the APA and FOIA. Second, appellants claimed that the Secretary violated the Medicare Act's provision that the Secretary administer the program through regulations by issuing informal binding rules through the Carrier's Manual. Finally, appellants asserted a due process right to individualized case-by-case determinations of fact and applications of law in Part B hearings. After ruling in an unpublished order that it had subject matter jurisdiction under 28 U.S.C. Secs. 1331 and 1361, Linoz v. Schweiker, No. 82 0390 (D.Hawaii, order filed July 5, 1983), the district court granted the Secretary's motion for summary judgment on the ground that the manual provision was an interpretive rule that conformed with the statute and did not require notice and comment rulemaking. Linoz v. Heckler, 598 F.Supp. 486, 490 (D.Hawaii 1984). Appellants filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. Sec. 1291.
 
 
 7
 The legal questions presented by this appeal are reviewable de novo. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984); Clayton v. Republic Airlines, Inc., 716 F.2d 729, 730 (9th Cir.1983) (subject matter jurisdiction).
 
 II
 
 8
 As a preliminary matter, the Secretary argues that Congress precluded judicial review of Part B benefit determinations, and that appellants' challenge to the Secretary's informal issuance of binding rules is accordingly barred from review because it is either essentially a claim for benefits or "inextricably intertwined" with such a claim.[5] Heckler v. Ringer, 466 U.S. 602, 614, 104 S.Ct. 2013, 2021, 80 L.Ed.2d 622 (1984). The Secretary's argument has been foreclosed by Bowen v. Michigan Academy of Family Physicians, --- U.S. ----, 106 S.Ct. 2133, 90 L.Ed.2d 623 (U.S.1986). In Michigan Academy of Family Physicians, the Supreme Court held that the exhaustion and judicial review provisions of the Social Security Act, incorporated by reference in the Medicare Act, 42 U.S.C. Secs. 1395ff, 1395ii, do not insulate from review Part B regulations and instructions promulgated by the Secretary. Id. at ----, 106 S.Ct. at 2137-38. The Court distinguished between individual Part B benefit determinations--which are "finally and exclusively" delegated to carrier hearing officers, id. at ----, 106 S.Ct. at 2138-40--and the validity of the Secretary's procedures for computing Part B claims, which the Carrier's Manual expressly removes from the carriers' jurisdiction. Id. at ---- & n. 5, 106 S.Ct. at 2137-38 & n. 5. While the Court reaffirmed its prior holdings that Congress deliberately foreclosed judicial review with respect to typically "trivial" Part B reimbursement amounts, id. at ---- - ----, 106 S.Ct. at 2137-40, see also Erika, 456 U.S. at 208, 102 S.Ct. at 1654, the Court held that neither the legislative history nor the statutory framework gives " 'clear and convincing evidence' " that Congress "intended no review at all of substantial statutory and constitutional challenges to the Secretary's administration of Part B of the Medicare program." Michigan Academy of Family Physicians, --- U.S. at ----, 106 S.Ct. at 2141 (quoting Abbott Laboratories v. Gardner, 387 U.S. 136, 141, 87 S.Ct. 1507, 1511-12, 18 L.Ed.2d 681 (1967)). Thus, the Court held that federal question jurisdiction was available to review Part B regulations asserted to be inconsistent with the Act.
 
 
 9
 Bowen v. Michigan Academy of Family Physicians is controlling authority for the district court's exercise of federal question jurisdiction in this case. Having determined that the district court had jurisdiction under 28 U.S.C. Sec. 1331, we need not reach the separate question whether jurisdiction lay under the mandamus statute. We now consider the merits of appellants' claim that application of section 2120.3F of the Carrier's Manual to deny reimbursement of their ambulance costs violated the APA.
 
 III
 
 10
 In 1971, the Secretary promulgated regulations providing coverage for ambulance services from a hospital which "lacks appropriate facilities" to "the nearest institution having appropriate facilities."[6] 20 C.F.R. Sec. 405.232(i) (1972). In 1975, the Secretary included section 2120.3F in the Carrier's Manual, which provided that transportation to another hospital "solely to avail a patient of the service of ... a physician in a specific speciality" did not make the hospital where that physician was located the "nearest hospital with appropriate facilities."
 
 
 11
 Appellants contend that by making section 2120.3F of the Carrier's Manual binding on Part B hearing officers through 42 C.F.R. Sec. 405.860, the Secretary unlawfully circumvented the advance public notice and comment requirements of section 553 of the APA. Section 553 requires publication of proposed agency rules to be followed by a period for public consideration and comment. 5 U.S.C. Sec. 553(b), (c). Agency rules which are merely interpretive are exempt from the notice and comment requirements. 5 U.S.C. Sec. 553(b)(3)(A).[7] "Interpretive rules are those which merely clarify or explain existing law or regulations." Powderly v. Schweiker, 704 F.2d 1092, 1098 (9th Cir.1983); see also Vance v. Hegstrom, 793 F.2d 1018 (9th Cir.1986); Cubanski v. Heckler, 781 F.2d 1421, 1426 (9th Cir.1986); Alcaraz v. Block, 746 F.2d 593 (9th Cir.1984). They are "non-binding" and do not "foreclose alternate courses of action or conclusively affect rights of private parties." Batterton v. Marshall, 648 F.2d 694, 702 (D.C.Cir.1980). Only substantive rules are subject to the APA.[8] Powderly, 704 F.2d at 1098 (9th Cir.1983). "Substantive rules are those which effect a change in existing law or policy," or remove previously existing rights. Id.
 
 
 12
 Section 2120.3F of the Carriers Manual excluded payment for ambulance service to another hospital "solely to obtain the services ... of a physician in a specific specialty" on the ground that it did not constitute the "nearest hospital with appropriate facilities."[9] Pursuant to this provision, Linoz was denied coverage for the cost of ambulance services when he was rushed to a Honolulu hospital so that a resident specialist in urology could care for his hemorrhaged urinary condition. Likewise, when Velez was denied benefits for the cost of transportation to receive treatment from a pulmonary specialist, the hearing officer relied exclusively on the same blanket provision making the cost of transportation to be treated by a specialist nonreimbursable. Thus, instead of simply clarifying a pre-existing regulation, section 2120.3F carved out a per se exception to the rule that ambulance service to the "nearest institution with appropriate facilities," 42 C.F.R. Sec. 405.232(i), was covered under Part B of the Medicare program. The provision withdrew coverage previously provided and thus "effect[ed] a change in existing law or policy." Powderly, at 1098. We therefore find that it was substantive in nature.
 
 
 13
 Since the ambulance rule embodied in section 2120.3F is substantive and neither required nor specifically authorized by the enabling legislation,[10] the Secretary was required to conform with the notice and comment procedure of section 553 of the APA.[11] Agency rules are invalid if the agency fails to comply with APA requirements. Buschmann v. Schweiker, 676 F.2d 352, 355-56 (9th Cir.1982); cf. Chrysler Corp. v. Brown, 441 U.S. 281, 313, 99 S.Ct. 1705, 1723, 60 L.Ed.2d 208 (1979) ("[c]ertainly regulations subject to the APA cannot be afforded the 'force and effect of law' if not promulgated pursuant to the statutory procedural minimum found in that Act"). We therefore hold that section 2120.3F of the Carrier's Manual was invalid at the time it was applied to deny appellants' Part B claims. We reverse the district court's grant of summary judgment for the Secretary and remand to the district court for further proceedings consistent with this opinion.[12]
 
 
 14
 REVERSED AND REMANDED.
 
 
 15
 JAMES M. BURNS, District Judge, concurring in part and dissenting in part:
 
 
 16
 I concur in the result achieved in Part II of the majority opinion. I dissent from Part III of the majority opinion. Under the circumstances, no usefulness would be served by taking the time to set forth the reasons for my disagreement with the majority's conclusion that the ambulance rule is "substantive" rather than "interpretive."
 
 
 
 *
 The Honorable James M. Burns, United States District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 Feliza Gallardo Linoz was substituted by stipulation as a party plaintiff upon the death of her husband while this action was pending before the district court. For the sake of simplicity, this opinion will continue to refer to her deceased husband as an appellant
 
 
 [2]
 The Carrier's Manual is a compilation of instructions prepared and periodically revised by the Secretary for circulation to private insurance carriers charged with computing and paying Part B claims in conformity with the Act. Although carrier-appointed hearing officers are required to rule in strict conformity with manual provisions, 42 C.F.R. Sec. 405.860, the Carrier's Manual is not published in the Federal Register or the Code of Federal Regulations. At the time that appellants' benefits were denied, section 2120.3F provided as follows:
 The individual physician who practices in a hospital is not a consideration in determining whether the hospital has appropriate facilities. Thus, ambulance service to a more distant hospital solely to avail a patient of the service of a specific physician or a physician in a specific specialty does not make the hospital in which the physician has staff privileges the nearest hospital with appropriate facilities.
 It has since been revised. See note 9 infra.
 
 
 [3]
 42 C.F.R. Sec. 405.860 provides that carrier hearing officers charged with reviewing Part B claims must "comply with all the provisions of title XVIII of the Act and regulations issued thereunder, as well as with policy statements, instructions and other guides issued by the Health Care Financing Administration in accordance with the Secretary's agreement with the carriers."
 
 
 [4]
 In their prayer for relief, plaintiffs also sought (1) an order of mandamus compelling the Secretary to grant them a new hearing under revised regulations that do not make unpublished manual provisions binding in Part B hearings; and (2) certification of a nationwide class of similarly aggrieved Part B beneficiaries. The district court declined to certify the requested class because it held plaintiffs' substantive claims to be meritless. The denial of class certification is not before us
 
 
 [5]
 Section 405(g) of the Social Security Act authorizes judicial review of the Secretary's decisions but conditions such review on the claimant's exhaustion of administrative remedies. 42 U.S.C. Sec. 405(h) bars claimants from invoking federal question jurisdiction, 28 U.S.C. Sec. 1331, and jurisdiction predicated on 28 U.S.C. Sec. 1346 "to recover on any claim arising under this subchapter." 42 U.S.C. Sec. 405(h); see Weinberger v. Salfi, 422 U.S. 749, 760-61, 95 S.Ct. 2457, 2464-65, 45 L.Ed.2d 522 (1975) (a claim "arises under" the Act for jurisdictional purposes if the Act provides "both the standing and the substantive basis" for presentation of the claim). Thus, to obtain judicial review of the "findings and decisions of the Secretary," 42 U.S.C. 405(h), claimants must exhaust the administrative remedies prescribed by the Secretary. Heckler v. Ringer, 466 U.S. at 617, 104 S.Ct. at 2023
 The Medicare Act incorporates section 405(h) into its framework. 42 U.S.C. Sec. 1395ii. Thus judicial review is not available for "findings of fact or decisions of the Secretary" under the Medicare Act "except as herein provided." 42 U.S.C. Sec. 405(g). Part A claimants are specifically granted access to federal district court through section 405(g). 42 U.S.C. Sec. 1395ff(b). There is no similar provision for Part B claimants. The Secretary thus correctly asserts that Congress foreclosed judicial review of Part B benefit determinations. See generally United States v. Erika, 456 U.S. 201, 102 S.Ct. 1650, 72 L.Ed.2d 12 (1982).
 
 
 [6]
 20 C.F.R. Sec. 405.232(i) provided:
 (i) Ambulance Service. (1) For purposes of Sec. 405.231(j) payment will be made for ambulance service only when the use of other means of transportation is contraindicated by the individual's condition and where: ...
 (ii) Such individual is transported from one hospital to another or, (sic) from one skilled nursing facility to another provided the institution from which he is transported lacks appropriate facilities and the one to which he is transported is the nearest such institution with appropriate facilities; ...
 
 
 [7]
 5 U.S.C. Sec. 553(b)(3)(A) provides that APA notice and comment requirements do not apply to "interpretive rules, general statements of policy, or rules of agency organization, procedure or practice." Id. Under 5 U.S.C. Sec. 553(a)(2), rulemaking relating to public benefits is also exempt from these requirements. However, in 1971, the Secretary elected to waive the "benefits" exception to the APA, 39 Fed.Reg. 2532, so that regulations promulgated thereafter would be subjected to public scrutiny and comment in advance of implementation. See Holy Cross Hospital-Mission Hills v. Heckler, 749 F.2d 1340, 1346 (9th Cir.1984). Section 2120.3F was added to the Carrier's Manual in 1975 and thus cannot be sheltered from rulemaking requirements on the basis of the "benefits" exception
 
 
 [8]
 Although an agency action has a substantial impact on those regulated, it is not subject to notice and comment requirements if it is otherwise exempt under the APA. Alcaraz v. Block, 746 F.2d 593, 613 (9th Cir.1984); Rivera v. Becerra, 714 F.2d 887, 891 (9th Cir.1983), cert. dnied, 465 U.S. 1099, 104 S.Ct. 1591, 80 L.Ed.2d 124 (1984); see also Cabais v. Egger, 690 F.2d 234, 237 (D.C.Cir.1982)
 
 
 [9]
 The underlying regulation was changed in 1982 to cover the type of ambulance claims at issue here. 42 C.F.R. Sec. 405.232(i) (1982). In 1984, the Secretary also revised the definition of "appropriate facilities" contained in section 2120.3F of the Carrier's Manual explicitly to encompass, rather than exclude, hospitals where "a physician or a physician specialist is available to provide the necessary care required to treat the patient's condition." The period germane to this appeal falls between the 1975 introduction of section 2120.3F and the revision of that section nine years later
 
 
 [10]
 Our cases characterizing challenged administrative regulations as interpretive and thus exempt from section 553 do not counsel a similar characterization in this case. In Zaharakis v. Heckler, 744 F.2d 711 (9th Cir.1984), the statute left to the Secretary's discretion the election of which of two statutory alternatives to use as the base-line for determining disability benefits. Id. at 714. We declined to characterize the "exercise of a limited option which the statute itself gives to the Secretary.... as a substantive or legislative rule." Id. at 714. In Alcaraz v. Block, 746 F.2d 593 (9th Cir.1984), a statutory revision required applicants for children's food programs to supply the Social Security numbers of all adult household members. Id. at 599. We ruled that collection requirements promulgated by the Secretary to enforce the revision were interpretive, not substantive, because they "merely tracked" statutory requirements and "simply explained something the statute already required." Id. at 613. Here, by contrast, the statute neither requires nor specifically authorizes the Secretary to deny reimbursement for ambulance transportation based on the availability of a specialist at the receiving hospital
 
 
 [11]
 Alternatively, the Secretary should have published the manual provisions pursuant to the Freedom of Information Act (FOIA). 5 U.S.C. Sec. 552(a)(1)(D). Under FOIA, agency rules must be published in the Federal Register if they are "statements of general policy or interpretations of general applicability." However, "interpretations that have been adopted by the agency" need only be made available for public inspection. 5 U.S.C. Sec. 552(a)(2). In Anderson v. Butz, 550 F.2d 459, 463 (9th Cir.1977), this court held that agency rules need not be published if they are (1) only a clarification or explanation of existing laws or regulations and (2) have no significant impact on any segment of the public. See also Lewis v. Weinberger, 415 F.Supp. 652, 659 (D.N.M.1976). Here, even if section 2120.3F were deemed only a clarification or explanation of "appropriate facilities," it had a significant impact on a segment of the public, in particular claimants who lack easy access to specialists. See Anderson, 550 F.2d at 463 (unpublished instruction that required housing subsidies paid by HUD to be treated as income for food stamp purposes voided under FOIA because of "significant impact on food stamp recipients"); see also Lewis v. Weinberger, 415 F.Supp. 652 (D.N.M.1976) (unpublished Indian Health Service policy that denied contract health care to off-reservation Indians voided under FOIA.)
 
 
 [12]
 Because we hold that the challenged manual provision violated the APA and must be invalidated, we need not address appellants' claims that mandatory application of the provision deprived them of their statutory and constitutional rights to a fair hearing