**GARY GIBBON, M.D., INC.,**
Plaintiff–Appellant,

v.

Tommy G. THOMPSON, Secretary of the Department of Health & Human Services; Michael McMullen, in his capacity as Acting Deputy Administrator of the Health Care Financing Administration succeeding Thomas A. Scully, Defendants–Appellees.

No. 02–56941.

United States Court of Appeals,
Ninth Circuit.

Argued Dec. 3, 2003.

Submission Deferred Jan. 9, 2004.

Resubmitted Dec. 30, 2004.

Decided Feb. 2, 2005.

**704**

Joseph S. Fischbach, Esq., Fishbach & Fischbach, Beverly Hills, CA, for Plaintiff–Appellant.

Russell W. Chittenden, Esq., USLA— Office of the U.S. Attorney, Los Angeles, CA, for Defendants–Appellees.

Before: BEEZER and KOZINSKI, Circuit Judges, and SCHWARZER,* Senior District Judge.

### MEMORANDUM **

Dr. Gary Gibbon appeals a judgment ordering him to repay more than $600,000 in Medicare reimbursements he billed for nurse and therapist services provided "in-cident to" his own services between 1995 and 1997. Because the parties are familiar with the background facts, we restate them only to the extent necessary for this disposition.

### A. Promulgation of the Physician–Presence Rule

■ Gibbon argues that certain rules issued by the Secretary of Health and Human Services (Secretary) were incorrectly promulgated and therefore cannot validly be applied to him. The rules at issue relate to 42 U.S.C. § 1395x(s)(1) and (2)(A), which provide that a physician is entitled to payment for services rendered "incident to" the physician's own services. The Secretary defined "incident to" in the Medicare Carrier's Manual (MCM), issued in 1993, as including only those services provided under a physician's "direct personal supervision." Gibbon argues that this definition made a substantive change in the legal standard governing reimbursement under Medicare and is invalid because it was not promulgated using the required notice and comment procedures. See 42 U.S.C. § 1395hh(a)(2).

■ We reject this argument. The Medicare statute does not define "incident to"; thus, the statute is ambiguous on the meaning of the phrase. The MCM, however, provides a meaning for the phrase. The MCM rule is, therefore, an interpretation, which does not require notice and comment. See Linoz v. Heckler, 800 F.2d 871, 877 (9th Cir.1986). Moreover, it is a reasonable interpretation of the statute. See Chevron U.S.A., Inc. v. NRDC, Inc., 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

This case is not like *Linoz*, where we found a rule to be substantive because it altered a previous regulation. 800 F.2d at 876–77. In that case, the prior rule allowed Medicare payments for ambulance service when an individual "is transported from one hospital to another ... provided ... the one to which he is transported is the nearest such institution with appropriate facilities," but a new MCM rule excluded payments for ambulance service to another hospital "solely to obtain the services ... of a physician in a specific specialty." *Id.* Here, the Secretary has simply issued an interpretation of a statute. And although the consistency of the Secretary's position on the meaning of the provision is not dispositive, we note in addition that the Secretary's interpretation has remained consistent over time.

## B. Applicability of "Without Fault" Waiver

■ The statute provides that the Secretary shall not recoup overpayments where the provider was "without fault" and where such recoupment "would be against equity and good conscience." 42 U.S.C. § 1395gg(c). A physician is considered "without fault" if he "had a reasonable basis for assuming that the payment was correct" based on all information available to him, including applicable regulations. MCM § 7103.

Gibbon had notice of the physician-presence rule, since an MCM containing this rule was first promulgated in 1993. Therefore, Gibbon was not without fault and not eligible for a waiver of recoupment. *See* 42 U.S.C. § 1395gg(c).

## C. Equal Protection Claim

■ Finally, Gibbon argues that the physician-presence rule violates the equal protection rights of his patients. Even if Gibbon has standing to raise this claim, his argument fails on the merits. Gibbon concedes that the physician-patient rule does not affect a suspect class; rather, he argues that it makes an arbitrary and irrational distinction between (1) respiratory patients who are in hospitals and skilled nursing facilities (SNFs) or who can arrange transportation to a doctor's office, whose respiratory therapy is reimbursable, and (2) respiratory patients, like Gibbon's, who are in board-and-care facilities and cannot arrange transportation, whose similar therapy is not reimbursable. Gibbon's claim can succeed only if the distinction lacks a rational basis. *City of Cleburne, Inc. v. Cleburne Living Ctr.*, 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).

The Secretary clearly has a rational basis for treating the two groups differently. The physician-presence requirement assures that a skilled medical practitioner is present within the building if something goes wrong with therapy offered in a board-and-care facility. A similar requirement is not needed in hospitals and SNFs, because some skilled medical practitioner is almost always present in such facilities. Ensuring reliable supervision of the provision of reimbursable services is a reasonable goal, and the distinction drawn is rationally related to that goal. *See Aleman v. Glickman*, 217 F.3d 1191, 1201 (9th Cir.2000). Accordingly, we reject Gibbon's equal protection claim.

AFFIRMED.