**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PINE BAR RANCH LLC; OWEN TORREY, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> INTERIOR BOARD OF INDIAN APPEALS, Department of Interior; ACTING REGIONAL DIRECTOR, United States of America, Bureau of Indian Affairs, Rocky Mountain Regional Office; EDWARD LONE FIGHT, Superintendent, Bureau of Indian Affairs, <br><br> Defendants - Appellees. | No. 11-35564 <br><br> D.C. No. 1:10-cv-00088-RFC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted November 8, 2012
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:     W. FLETCHER and FISHER, Circuit Judges, and TUCKER, District Judge.[**]

This case is the latest installment in a lengthy dispute about the status of Surrell Creek Road, an unpaved road in Wyoming that crosses an Indian reservation. In an earlier point in this dispute, Pine Bar litigated in state court under the Wyoming Private Road Statute. The Wyoming Supreme Court concluded that Surrell Creek Road is a non-public road for purposes of that statute. Pine Bar then sought a determination by the Bureau of Indian Affairs ("BIA") that Surrell Creek is a public road. Pine Bar failed to inform the agency of the earlier decision of the Wyoming Supreme Court. The Interior Board of Indian Appeals ("IBIA") dismissed the appeal from a determination by the Bureau of Indian Affairs Regional Director that the road was non-public. Pine Bar then sued in federal district court seeking a declaration that Surrell Creek Road is a public road because it was built pursuant to the Civilian Conservation Corps ("CCC") Act as well as reversal of the IBIA's decision under the Administrative Procedure Act ("APA"). The district court granted summary judgment to defendants, concluding that it lacked jurisdiction because there was no valid waiver of sovereign immunity. Pine Bar appealed.

---

[**] The Honorable Josephine Staton Tucker, United States District Judge for the Central District of California, sitting by designation.

## I. Quiet Title Act

The Quiet Title Act ("QTA"), 28 U.S.C. § 2409a, does not apply and therefore does not preclude a waiver of sovereign immunity. We review de novo a grant of summary judgment for sovereign immunity. *Holz v. Nenana City Pub. Sch. Dist.*, 347 F.3d 1176, 1179 (9th Cir. 2003). The United States government has sovereign immunity unless waived. *Block v. North Dakota,* 461 U.S. 273, 280 (1983). Where the QTA applies, it is the exclusive means of waiver. *Id.* If the QTA applies, this suit cannot proceed because the QTA provides a carve-out to its grant of jurisdiction for quiet title actions relating to Indian lands. *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 132 S. Ct. 2199, 2205 (2012). The land over which Surrell Creek Road passes is Indian land.

The Supreme Court has recently clarified that the QTA applies only to actions in which the plaintiff claims a property interest in the land. *Id.* at 2206-08. Here, Pine Bar asserts only a statutory right to use Surrell Creek Road, a right allegedly arising from the CCC Act, not a property right. At most, Pine Bar asserts a right of access akin to the right of the public, which Wyoming law does not recognize as a property right. *See Thomas v. Jultak*, 231 P.2d 974, 982-83 (Wyo. 1951). The QTA is inapplicable and thus does not bar Pine Bar's claims.

## II. Administrative Procedure Act

The APA provides a valid waiver of sovereign immunity for Pine Bar's claims. The district court erred in finding otherwise. We review de novo a determination of whether the APA applies, *see Linoz v. Heckler*, 800 F.2d 871, 875 (9th Cir. 1986), as well as de novo a dismissal for sovereign immunity. *See Holz*, 347 F.3d at 1179. The APA waives immunity broadly in suits against the government or officials seeking review of final agency action or unreasonably withheld agency action. *See Sackett v. EPA*, 132 S. Ct. 1367, 1371-72 (2012); *EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1085 (9th Cir. 2010), *cert. denied*, 132 S. Ct. 91 (2011). The IBIA's dismissal of Pine Bar's appeal constitutes final agency action for purposes of sovereign immunity and jurisdiction under the APA. 43 C.F.R. § 4.314(b); *see also* 132 S. Ct. at 1372. Even if the IBIA's dismissal was not final agency action, the Regional BIA's decision certainly was. We therefore hold that sovereign immunity does not bar Pine Bar's claims.

## III. Merits

Issue preclusion bars relief for Pine Bar. Though the district court did not reach this issue, we need not remand because the determination of whether preclusion is available is a question of law. *Miller v. Cnty. of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir. 1994).

We must "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81 (1984) (citing 28 U.S.C. § 1738). Under Wyoming law, there are four requirements for issue preclusion. *Univ. of Wyoming v. Gressley*, 978 P.2d 1146, 1153 (Wyo. 1999). The only genuine dispute in this case is whether the issues decided by the Wyoming Supreme Court are identical to those before the BIA. Pine Bar states in its complaint that it seeks review of the agency action and declaratory relief for two reasons: to avoid the easement across its property under the Wyoming Private Road Statute and to find relief from constitutional violations. The Wyoming Supreme Court found that Surrell Creek Road was not a public road; thus any relief Pine Bar seeks through the defendants to declare the road public for purposes of avoiding its obligation to provide a right of way under the Wyoming Private Road statute is barred. *Pine Bar Ranch, LLC v. Luther*, 152 P.3d 1062, 1066 (Wyo. 2007). The Wyoming Supreme Court's decision also precludes Pine Bar's constitutional claims, because it considered whether the CCC Act, under which Pine Bar now brings its claim, made the road a public road and held that the road was private. 152 P.3d at 1066 & n.5, 1068. To sustain Pine Bar's constitutional claims we would need to hold that the road was public. The Wyoming Supreme

Court's determination to the contrary therefore precludes Pine Bar's constitutional claims.

Even if issue preclusion does not bar Pine Bar's claims, the agency did not abuse its discretion in finding that the road was not a public road. Under the APA, this court may set aside agency decisions only if "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Latino Issues Forum v. EPA*, 558 F.3d 936, 941 (9th Cir. 2009). The IBIA and BIA's decisions were none of these.

**AFFIRMED.**